*23 After this judgment was obtained against William Seward; Mary and Ann Seward, his daughters and co-heirs, exhibited their bill in the Court of Chancery against Thomas Hicks, the defendant in the ejectment.
The bill states, that on the 23d of January, 1674, George Seward, the grandfather of the complainants, obtained a common warrant for surveying 1,000 acres of land, and on the 17th of April, 1675, had surveyed a tract of land in Dorchester County, called Sectar, containing 769 acres, which survey was duly returned to the land office. And also by virtue of the same warrant had surveyed another tract of land, called Cumber lake, lying in the said County and containing 100 acres, which was also returned to the land office. That the said George Seward became embarrassed in his circumstances, and was forced to depart the Province without obtaining patents for the said lands. That the said George, leaving a wife and children in the Province, continued absent several years and died. That William Seward, father of the complainants, as son and heir of the said George, applied for patents for the said lands; but Thomas Smithson of Talbot and Thomas Smithson of Dorchester Counties, had prevented patents being granted to the said William by having, in the absence of the said George, preferred to his Lordship a petition with many false suggestions, that the lands were surveyed upon no lawful warrants, that no patents had issued, that the said George had been absent above seven years, and that his Lordship’s rents were unpaid, praying for a special warrant to take up the said lands, and also a tract, also surveyed for the said George, called Hardgrove, lying in the said County and containing 50 acres; which warrant was granted with a proviso that the allegations in the said petition were true, that no lawful warrant had already issued for the same, and a special warrant accordingly issued on the 26th of February, 1683, 4. Which warrant having issued, a patent was refused to the said William until the right thereto should be determined, but a patent, was granted to the said Smithson of Talbot, who survived *24 the other of that name, for the land called Sectar. Also a patent for the land called Cumberlake, without the allegations of the said petition being proved, or the said William ever being called to shew any cause to the contrary. That the warrant issued without any regard being had to the proviso, upon which the said warrant was to be granted, and contrary to his Lordship’s design and the intent of the order of Council, whereon it was supposed to be founded, to wit: “ That the the allegations of the said petitioners should be “ made appear.” That it can be fairly made appeal*, that a lawful warrant issued to the said George Seward, and that the warrant was paid for. That although the complainants could make appear, the falsity of the allegations in the petition of the said Smithsons on which their said warrant was issued and the patents founded; yet for that there being such patents on record, the complainants are without remedy for the recovery of the lands, until the same patents be duly vacated, &c.
The answer of Thomas Hicks states, that he did not believe it to be true, that the said George Seward did purchase of the Lord Proprietary such a warrant as is mentioned in the bill; but believed, and had heard Thomas Pattison the surveyor declare, that the warrant which the said George obtained was conditional. That if the said George did not in some short time after the date of the warrant pay the condition, or right, he was to have no benefit thereby. That the said condition was never paid, nor rights made good for the said warrant: that if it had been, he (Pattison) never would have surveyed the land a second time, contrary to his oath of survey which he had taken. That the surveys of Seward's lands were put on record by mistake of the officers. That the said William was summoned to attend, to shew cause why patents should notissue to Smithson, but he did not attend. That Hicks holds one half of the lands called Cumberlake and Sectar, both together containing 869 acres, as assignee of Smithson, and John Davis holds the other half of the said tracts.
D. Dulany and I. George, for the appellant, and
T. Bordley, for the appellee in the Court of Appeals.
Charles Carroll, sworn and examined under a commission, deposeth: That the reason he did not grant William Seward a patent, was because a patent had been granted to Smithson for the same land, and it being against the rules of the land office, to grant another for the same land, until the former was vacated. He believes a summons was sent to be served on William Seward, but whether served on him or not, knows nothing thereof. That he made out the patentfor the land to Smithson, by virtue of an order made by his Lordship on Smithson?s petition, as appeared on record. That he was not privy to the truth or falsities of the facts alleged in the petition, the order being made by his Lordship before he acted in the land office.
The decree of the Court of Chancery, October term, 1718, is as follows: “ It appearing t© the Court that George “ Seward had a warrant from the late Lord Proprietary; u that Thomas Smithson, upon very fraudulent allegations, “ had obtained a special warrant to resurvey the lands in u the bill mentioned, and a patent granted thereupon: It is u therefore decreed, that Thomas Smithson's patentfor “ the lands, in the bill mentioned, be vacated, and that the a complainants have a right to the patents for the lands, and “ that the defendant do surrender the said patent into his “ Lordship’s land office to be vacated.”
At October term, 1725. The Court of Appeals affirmed the decree of the Court of Chancery.

Note, See post the case of Sallar's Lessee v. Bowen, at October Term, 1754.